**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO.  5:08CV-160-R |
| v. | ) ) | JURY TRIAL DEMAND |
| FIRE MOUNTAIN RESTAURANTS L.L.C. d/b/a/ RYAN'S FAMILY STEAKHOUSE | ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended by Title I of the Civil Rights Act of 1991, to correct unlawful employment discrimination on the bases of race, gender and retaliation and to provide appropriate relief to Chris Shelton, Larry Tharp, Marquita Williams, Marie Woodfork, Angeliah Byas, William Adams, Alicia Springfield ("claimants"), and to a class of similarly situated individuals.

### JURISDICTION AND VENUE

1. Pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345, the United States District Court has jurisdiction over the subject matter of this civil action. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged in this complaint were committed within the jurisdiction of the United States District Court for the Western District of Kentucky, Paducah Division. Venue is appropriate in this Court.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant Fire Mountain Restaurants L.L.C., d/b/a Ryan's Family Steakhouse, (the "Employer") is a Delaware corporation doing business (and has continuously been doing business) in the State of Kentucky, city of Paducah, and has continuously had more than 15 employees at all times relevant to this cause of action.  Its registered agent for service of process is CT Corporation System, 4169 Westport Road, Louisville, Kentucky 40207.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Chris Shelton, Larry Tharp, Marquita Williams, Marie Woodfork, Angeliah Byas, William Adams, Alicia Springfield filed with the Commission charges alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least January 2005, Defendant has engaged in unlawful employment policies and practices in Paducah, Kentucky in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and 2000e-3(a).

8. Since at least January 2005, Defendant has subjected Chris Shelton, Marquita Williams, Marie Woodfork, William Adams and Alicia Springfield to a hostile work environment and different terms and conditions of employment because of their race, Black, and has subjected Angeliah Byas and Larry Tharp, White, to a hostile work environment and different terms and conditions of employment because of their association with Black co-workers and family members.

9. Since at least January 2005, Defendant has subjected Marquita Williams, Marie Woodfork, Alicia Springfield, Angeliah Byas and similarly situated female employees to a hostile work environment because of their sex.

10. Since at least January 2005, Defendant has subjected Chris Shelton, Larry Tharp, Marquita Williams, Marie Woodfork, Angeliah Byas, William Adams, Alicia Springfield, and similarly situated individuals to a hostile work environment and other retaliatory practices, including adverse work assignments and threats of discharge, because they opposed conduct prohibited by Title VII.

11. On or around February 27, 2007, Defendant discharged Chris Shelton because of his race, Black, and in retaliation for opposing conduct prohibited by Title VII.

12. On or around August 1, 2007, Defendant discharged Alicia Springfield because of her race, Black.

13. On or around March 19, 2007, Defendant constructively discharged Williams Adams because of his race, Black.

3

14. The effect of the practices complained of above has been to deprive Chris Shelton, Larry Tharp, Marquita Williams, Marie Woodfork, Angeliah Byas, William Adams, Alicia Springfield, and similarly situated individuals of equal employment opportunities and otherwise adversely affect their status as employees because of their race, gender and in retaliation for opposing conduct prohibited by Title VII.

15. The unlawful employment practices of which the Commission complains in the preceding paragraphs were intentional.

16. The unlawful employment practices complained of in the preceding paragraphs were done with malice or with reckless indifference to the federally protected rights of Chris Shelton, Larry Tharp, Marquita Williams, Marie Woodfork, Angeliah Byas, William Adams, Alicia Springfield, and similarly situated individuals.

## PRAYER FOR RELIEF

The Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination on the basis of race, gender and from engaging in retaliation against individuals who oppose conduct prohibited by Title VII.

B.      Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, regardless of race or gender, and which eradicate the effects of its past and present unlawful employment practices based on race and sex.

C.      Order Defendant Employer to make each claimant and similarly situated class members whole by providing appropriate back-pay with prejudgment interest in amounts to be

determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

       D.     Order Defendant Employer to make each claimant and similarly situated class members whole by providing each with compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

       E.     Order Defendant Employer to make each claimant and similarly situated class members whole by providing each with compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including losses resulting from any emotional pain, suffering, inconvenience, loss of enjoyment of life, embarrassment and humiliation, in amounts to be determined at trial.

       F.     Order Defendant Employer to pay each claimant and similarly situated class members punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

       G.     Grant such further relief as the Court deems necessary and proper in the public interest.

       H.     Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

s/Laurie A. Young
LAURIE A. YOUNG, #11480-49
Regional Attorney

s/Michelle Eisele
MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
Indianapolis District Office
101 W. Ohio St., Suite 1900
Indianapolis, IN 46204-4203

s/Aimee L. McFerren
AIMEE L. MCFERREN
Kentucky Bar No.: 89912
Federal I.D. No.: 36953
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
600 Dr. Martin Luther King, Jr. Place
Suite 268
Louisville, KY 40202
502-582-6308
502-582-5435 (fax)
aimee.mcferren@eeoc.gov